Cedric **BAKER**, Plaintiff–Appellant,

v.

**NEW YORK STATE, Monroe County Dept. Social Services, Monroe County Office of the Executive, Defendants–Appellees.**

No. 04–3588.

United States Court of Appeals, Second Circuit.

April 15, 2005.

Cedric Baker, Rochester, NY., for Appellant, pro se.

No appearance, for Appellees.

PRESENT: FEINBERG, SACK, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

Plaintiff Cedric Baker, *pro se*, appeals from the judgment of the United States District Court for the Western District of New York dismissing his complaint for lack of subject matter jurisdiction. Baker's complaint alleged that the defendants violated his rights under the Americans with Disabilities Act ("ADA") by (1) withholding approximately $25,000 from his award of retroactive Social Security benefits to repay the Monroe County Department of Social Services for payments made on Baker's behalf from 1997 to 2003, and (2) failing to pay his utility bill.

Reviewing the district court's *sua sponte* dismissal of Baker's complaint for lack of subject matter jurisdiction *de novo, see Digitel, Inc. v. MCI Worldcom, Inc.,* 239 F.3d 187, 190 (2d Cir.2001), we conclude that dismissal of Baker's complaint was proper. The ADA provides, in relevant part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. While Baker asserted in his complaint that his claims were brought pursuant to the ADA, nowhere in his complaint did Baker allege that the acts by the defendants were based on his disability.

Although a *pro se* plaintiff should generally be afforded an opportunity to amend his complaint prior to its dismissal for lack of subject matter jurisdiction, the district court did not err in failing to grant Baker leave to amend his complaint in this case. *See Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000). Granting Baker leave to amend would have been futile. There is no indication that the defendants did not pay Baker's utility bill because he was disabled or that they withheld monies from his benefits award due to his disability. Thus, even if granted leave to amend, Baker could not succeed in alleging a viable ADA claim.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.